```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JOSHUA SHANE MATHIAS,**

    **Plaintiff,**

**v.**                  **//**         **CIVIL ACTION NO. 1:17CV92**
                                          **(Judge Keeley)**

**NANCY A. BERRYHILL, Deputy**
**Commissioner of Social Security,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 20] AND REMANDING CASE TO COMMISSIONER

On May 19, 2017, the plaintiff, Joshua Shane Mathias ("Mathias"), filed a complaint against the defendant, the Deputy Commissioner of Social Security ("the Commissioner") (Dkt. No. 1). Mathias sought review of the Commissioner's final decision denying his application for a period of disability and Disability Insurance Benefits ("DIB") due to multiple sclerosis, a spinal disorder, obstructive sleep apnea, a cognitive disorder, depression, and anxiety. Id. at 1-2. According to Mathias, the Commissioner's decision was "neither supported by substantial evidence nor based upon a correct application of the law." Id. at 2. The Commissioner answered the complaint and filed the administrative record on July 24, 2017 (Dkt. Nos. 6, 7).

Pursuant to 28 U.S.C. § 636 and the local rules, the matter was referred to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

**MATHIAS V. BERRYHILL**                                                            **1:17CV92**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 20] AND REMANDING CASE TO COMMISSIONER

In a Report and Recommendation ("R&R") dated July 3, 2018, Magistrate Judge Aloi recommended that the Court grant in part Mathias's motion for summary judgment, grant in part the Commissioner's motion for summary judgment, vacate the Commissioner's decision, and remand the case for further proceedings (Dkt. No. 20). Upon careful consideration of the record as a whole, Magistrate Judge Aloi was unable to determine whether substantial evidence supported the denial of benefits by the Adminstrative Law Judge ("ALJ"). Id. at 40.

More specifically, Magistrate Judge Aloi recommended remand because information Mathias submitted to the Appeals Council, that is the opinions of two treating physicians, was not part of the record before the ALJ. That information was contradictory to the ALJ's decision, which found that "no treating or examining physician or psychologist has identified medical signs or findings that meet or medically equal" the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 41-42. Magistrate Judge Aloi concluded that, as in Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), no fact finder has made any findings as to the treating physicians' opinions or attempted to reconcile that evidence with the conflicting and supporting evidence in the record

and, therefore, recommended that the case be remanded for further fact finding. Id. at 42-43 (citing Meyer, 662 F.3d at 707).

The R&R also informed the parties of their right to file "written objections identifying the portions of the Report and Recommendations to which objections are made, and the basis for such objections." It further warned that failure to do so would result in waiver of the right to appeal. Id. at 43. Despite receipt of the R&R through the Court's electronic filing system, neither party filed timely objections to the recommendations.

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made...and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Having received no objections to the R&R, the Court has no duty to conduct a de novo review of Magistrate Judge Aloi's

findings. Furthermore, following a review of the R&R and the record for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 20);

2) **GRANTS in PART** Mathias's Motion for Summary Judgment to the extent it requests remand for further proceedings and **DENIES as MOOT** his additional arguments (Dkt. No. 10);

3) **DENIES as MOOT** Mathias's Motion for Permission to Include Evidence Omitted (Dkt. No. 9);

4) **GRANTS in PART** the Commissioner's Motion for Summary Judgment to the extent it requests remand for further consideration rather than a reversal for benefits (Dkt. No. 17);

5) **VACATES** the decision of the Commissioner under sentence four of 42 U.S.C. § 405(g); and

6) **REMANDS** this case to the Commissioner for further proceedings consistent with this decision and the directives contained in the R&R.

The Court further **DIRECTS** that this case be **STRICKEN** from the active docket.

It is so **ORDERED.**

**MATHIAS V. BERRYHILL**                                                    1:17CV92

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 20] AND REMANDING CASE TO COMMISSIONER**

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record.

Dated: July 18, 2018.

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE